**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

DERRICK O. MIDDLEBROOKS,

        Plaintiff

vs.

GDOC Commissioner BRIAN OWENS, *et al.*,

        Defendants

NO. 5:10-CV-374 (CAR)

**O R D E R**

Plaintiff **DERRICK O. MIDDLEBROOKS**, an inmate at Wilcox State Prison in Abbeville, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff has paid the required $350.00 filing fee.

## *I. STANDARD OF REVIEW*

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." ***Carroll v. Gross***, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555-

56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. **Brown v. Johnson**, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." **Tannenbaum v. United States**, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. **Hale v. Tallapoosa County**, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiffs factual allegations were insufficient to support the alleged constitutional violation). *See also* 28 U.S.C. 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard

in section 1915A "shall" be dismissed on preliminary review).

## II. BACKGROUND

In this action, plaintiff names as defendants: (1) Georgia Department of Corrections Commissioner Brian Owens; (2) WSP Warden Robert Toole; (3) Judge Johnnie L. Caldwell; (4) Judge Robert J. Castellani; (5) District Attorney Heith English; and (6) District Attorney Harold Buckler. Plaintiff seeks release from prison and monetary damages from these defendants. Plaintiff's specific allegations, however, are virtually unintelligible. Plaintiff states that he requested that the defendants provide him with copies of certain documents. From the defendants' failure to provide the requested documents, plaintiff apparently infers that he should prevail in this case.

## III. DISCUSSION

Plaintiff has failed to allege a colorable claim that any of the defendants violated plaintiff's constitutional rights. In fact, the allegations against all the defendants are set forth in such a conclusory manner that no claim for relief is even remotely stated.

Moreover, plaintiff's claims for damages against the judges and district attorneys are barred by the doctrine of absolute immunity. ***Stump v. Sparkman***, 435 U.S. 349, 356-57 (1978) (judges); ***Imbler v. Pachtman***, 424 U.S. 409, 427-28 (1976) (prosecutors).

Finally, plaintiff's request that this Court "free" him constitutes an attack of the legality of his conviction, sentence, or present confinement. Such claims must be presented in a petition for writ of habeas corpus, following the exhaustion of state court remedies, not in a federal civil rights action. *See **Preiser v. Rodriguez***, 411 U.S. 475, 499 n.14 (1973) (challenges to duration or fact of

confinement, as opposed to conditions of confinement, are cognizable solely by petition for writ of habeas corpus).

## IV. CONCLUSION

Based on the foregoing, the instant complaint is hereby **DISMISSED** as frivolous under 28 U.S.C. § 1915A.

**SO ORDERED**, this 25th day of October, 2010.

S/ C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

cr